[No. B030710. Second Dist., Div. Two. Nov. 28, 1988.]

DAVID K. WALE, Plaintiff and Appellant, v.
JUVENTINO V. RODRIGUEZ et al., Defendants and Respondents.

COUNSEL

Allen E. Botney for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust and Ladell Hulet Muhlestein for Defendants and Respondents.

OPINION

**ROTH, P. J.**—David Wale appeals from the dismissal of his action for failure to bring the case to trial within five years. We affirm.

Appellant filed his complaint against respondents alleging false arrest, malicious prosecution, false imprisonment and negligence on June 10, 1982. Respondents answered in July 1982. Appellant filed his at-issue memoran-

dum on August 2, 1982. Discovery ensued. On July 10, 1986, a trial setting conference was held. The court set the trial for October 15, 1986. Appellant was prepared to go to trial on that date.

On August 8, 1986, respondents moved to change venue from the Central District to the North Central District, on the grounds that the alleged injuries and damages occurred within the North Central District, and that the transfer would promote justice in that it would be more convenient for the witnesses. The trial court granted the motion on August 29, 1986, vacating the October 15 trial date.

On October 31, 1986, the court in the North Central District scheduled a trial setting conference for March 19, 1987. The mandatory settlement conference was scheduled for June 24, 1987. At the trial setting conference the court set the trial for August 17, 1987. Appellant requested a trial date in May, but the clerk stated that no earlier date was available. Appellant did nothing further to obtain an earlier trial date.

At the June 24, 1987, mandatory settlement conference the court suspended the proceedings on the ground that the five-year statute had run on June 10, 1987, leaving the court bereft of jurisdiction.

Respondents moved to dismiss on July 30, 1987. The motion was heard on September 11, 1987, at which time the following was said:

MR. BOTNEY [Appellant's counsel]: "We got a trial date that was obviously beyond the five-year statutory period. I pointed out to the clerk, I did not say to the clerk, Your Honor, I have to be candid about it, that the five-year statue [sic] had passed. I did say that I set it forth in my declaration, Your Honor, that this is an old case and that I would like to have the earliest possible date.

". . . . . . . . . . . . . . . . . . .

"In view of the fact that I had never faced this situation before, in view of the fact that opposing counsel had not shown up, which I construed as an acceptance of any date we might receive and in view of what the clerk had represented to me that it would be impossible to get any earlier date than she could give me, it never occurred to me to bring a motion to specially set the case for trial.

"So I didn't.

"THE COURT: I just wanted to check because that was a very big concern you had that you mentioned in your moving papers. I have also checked into it. I think you have already answered the question.

"I am assuming what happened was you said, 'Well, this is an older case. Can we get an earlier date.'

"She said, 'No. We can't set before that date.'

"I am assuming it was not mentioned, from what you said, that this was a high priority because it is a five-year case. The five years have run.

"Because if it had been, heads would have rolled in the clerk's office."

The court granted the motion to dismiss. This appeal followed.

■ Code of Civil Procedure section 583.310 states: "An action shall be brought to trial within five years after the action is commenced against the defendant." In general, the statute begins to run on the date the complaint is filed. (*Taylor* v. *Hayes* (1988) 199 Cal.App.3d 1407, 1409-1410 [245 Cal.Rptr. 613].) If the action is not brought to trial within five years, the court has a mandatory duty to dismiss the action. The only exceptions are those expressly provided by statute. (Code Civ. Proc., § 583.360.)

Appellant argues that the court erred in transferring venue to the North Central District, because of respondents' failure to obey certain procedural requirements. Respondents reply that all formal requirements were fulfilled. We do not need to decide this question. Whether the transfer was proper or not, appellant still had more than eight months after the venue change to bring his case to trial within five years. Since appellant claims he was ready to try the case earlier, in October 1986, the change of venue is of no importance.

■ Appellant urges that respondents agreed to waive the five-year statute by their failure to attend the trial setting conference. He claims that this amounts to acquiescence in whatever trial date appellant obtained. The question is controlled by Code of Civil Procedure section 583.330, which states: "The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:

"(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

"(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made."

It is as plain as the sun that missing a conference is neither a written stipulation nor an oral agreement made in open court. Appellant's efforts to persuade us otherwise are unpersuasive.

Appellant's estoppel arguments are similarly lifeless. Reliance on respondent's non-appearance at the trial setting conference was not reasonable, given Code of Civil Procedure section 583.330. Similarly, as we will explain more fully below, it was not reasonable to rely on the court clerk who had not been told of the impending deadline.

■ The heart of appellant's case is his contention that he pursued this matter diligently, but bringing it to trial within five years was impossible or impracticable because his trial date was cancelled and the court would not give him another within the five-year limit.

It is true that the court clerk told appellant that no trial date was available within the statutory period. But appellant neglected to inform the court that he had a section 583.310 problem. This is crucial. The plaintiff has a duty to call the chronology of his case to the court's attention. (*Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 90 [235 Cal.Rptr. 243].) In *Sizemore,* this court held that misinforming the court concerning the date for expiration of the five years, which led the court to assign a trial date beyond the period, did not excuse compliance with the five-year statute. (*Id.* at pp. 88-89.) "[A]ll plaintiffs are under a continuing duty to correctly compute the statutory five years and to advise the court of the impending deadline." (*Taylor* v. *Hayes, supra,* 199 Cal.App.3d at p. 1411.) Negligently keeping the date a secret from the court cannot excuse compliance.

Appellant undoubtedly showed the requisite vigor in the early stages of litigation. However, after venue was changed, he stumbled. The marathoner who is ahead of the pack for 20 miles, but then decides to stroll to the finish line, wins neither approbation nor the race. The litigant must press ahead to the end. It is precisely when the five-year deadline looms that the greatest diligence is demanded. Appellant was not entitled to assume that a motion to specially set would have been futile. His failure to so move was fatal.

The judgment is affirmed.

Gates, J., and Fukuto, J., concurred.