[No. B157711. Second Dist., Div. Three. June 19, 2003.]

FRANCES SANCHEZ et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Gary S. Casselman, Gary S. Casselman; Esner & Chang, Stuart B. Esner and Andrew N. Chang for Plaintiffs and Appellants.

Rockard J. Delgadillo, City Attorney, Katherine J. Hamilton, Assistant City Attorney, for Defendants and Respondents City of Los Angeles and Jose Chavez.

Law Offices of Atkins & Evans, Irwin S. Evans and Jonathan R. Ivy for Defendant and Respondent Vincent Balderrama.

## OPINION

**CROSKEY, Acting P. J.**—Plaintiffs and appellants Frances Sanchez and Anthony Sanchez (collectively plaintiffs) appeal an order dismissing their action against defendants and respondents City of Los Angeles (City), Jose Chavez (Chavez) and Vincent Balderrama (Balderrama) (collectively defendants) for failure to bring the action to trial within the mandatory five-year period. (Code Civ. Proc., § 583.310.)[1,2] The essential issue presented is whether the death of defendant Balderrama's attorney made it impracticable for plaintiffs to bring the action to trial within five years.

This record demonstrates that there was no causal connection between the circumstances upon which plaintiffs are relying and their failure to bring the action to trial within five years. Indeed, it is clear that the reason plaintiffs did not bring the action to trial within five years was that their counsel had mistakenly calculated the expiration of that statutory period. Further, the death of defense counsel did *not* result in a situation of impracticability over which plaintiffs had no control. Nothing prevented the plaintiffs from seeking the setting of a trial date within the five-year period in the event defendants refused to stipulate to an extension of time. Instead, plaintiffs simply acquiesced in the setting of a trial date beyond the five-year mark without securing a stipulation to extend the statutory period.

For these reasons, we perceive no abuse of discretion in the trial court's rejection of plaintiffs' claim of impracticability and affirm the order of dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Activity During the First Four and a Half Years.*

On January 10, 1997, Frances Sanchez and Anthony Sanchez, the parents of decedent Joseph Daniel Sanchez (decedent), filed a complaint for damages against the City and police officers Chavez and Balderrama, alleging causes of action for wrongful death, negligent hiring, training and supervision, and violations of civil rights. The complaint alleged that decedent had

---

[1] An order of dismissal signed by a trial court and filed in the action constitutes a judgment and is effective for all purposes. (Code Civ. Proc., § 581d.)

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

been a passenger in a car on July 21, 1996, when Officers Balderrama and Chavez opened fire on the vehicle and fatally shot him.

At a status conference on May 6, 1997, a trial date of December 3, 1997, was scheduled, with a trial estimate of 10 days. On October 1, 1997, plaintiffs filed a motion for disclosure of peace officer personnel records. On October 6, 1997, trial was continued to June 3, 1998. On October 17, 1997, Gary Casselman associated in as plaintiffs' counsel. The June 3, 1998 trial date was vacated and a trial setting conference was scheduled for June 17, 1998.

On May 15, 1998, plaintiffs filed an additional motion for peace officer records. At the June 17, 1998 trial setting conference, a new trial date was scheduled for January 6, 1999, with a final status conference set for December 17, 1998. On November 3, 1998, plaintiffs filed a motion to continue the trial date, as well as another motion to compel peace officer records. Defendants opposed a continuance of the trial date. On December 15, 1998, the trial court denied plaintiffs' motion for a trial continuance and their motion to compel. Plaintiffs then filed an ex parte application to continue the trial. Thereafter, on January 6, 1999, the trial date, plaintiffs filed a motion for trial continuance on the basis of counsel's illness. The trial court placed the case on a trailing status, trailed until January 11, 1999.

On January 11, 1999, plaintiffs filed an ex parte application for production of photographs and peace officer records. On January 13, 1999, plaintiffs filed ex parte applications to continue the trial, amend their complaint, shorten time and for production of forensic materials from the shooting investigation. On plaintiffs' motion, the trial date was vacated and trailed until February 10, 1999, to hear the various motions. On February 10, 1999, the trial date was vacated. Thereafter, a trial setting conference was set for April 8, 1999. Because plaintiffs amended their complaint, the trial setting conference was moved to May 28, 1999.

On April 22, 1999, plaintiffs filed a renewed motion to compel peace officer records. On May 28, 1999, a jury trial was calendared for October 27, 1999, and a final status conference was set for October 15, 1999. On October 27, 1999, after plaintiffs submitted a witness list in support of long cause designation, with a trial estimate of 25 days, the case was transferred to Central Civil West, with a status conference for December 16, 1999. Additional status conferences followed. From March through July of 2000, plaintiffs' counsel was engaged in a trial in federal court. On October 17, 2000, the Law Offices of Johnnie Cochran associated in on behalf of plaintiffs, to try the case. On October 18, 2000, due to a conflict which

prevented the city attorney's office from representing Balderrama, he received independent counsel, Barry Levin (Levin). The long cause trial package was not completed until May 2001. On May 22, 2001, the case was sent to the branch court in Compton for trial. Thereafter, on July 2, 2001, a trial date was scheduled for September 18, 2001.

### 2. *Procedural History of the Final Six Months.*

On July 7, 2001, Levin, Balderrama's attorney, committed suicide. Shortly thereafter, the Law Offices of Irwin & Evans (Evans) substituted in on Balderrama's behalf. The parties stipulated to continue trial, with a requested trial date of December 18, 2001.

On September 25, 2001, the trial court and the parties participated in a conference call. The trial court inquired how long the parties required to prepare for trial. Based on information provided by the parties, as well as to allow sufficient time to transfer Levin's files to Evans's office and to enable Evans to become familiar with them, and to meet the court's calendar concerns, the trial court set a final status conference for January 17, 2002, with trial to commence on January 29, 2002. Nobody alerted the trial court that those dates were beyond the five-year mark of January 10, 2002.

On January 16, 2002, one day before the final status conference, defense counsel for all the defendants initiated a conference call to plaintiffs' counsel, requesting a trial continuance. Defense counsel stated a continuance was necessary because Evans had not yet received all of Levin's files and was not ready to proceed to trial.

On January 17, 2002, a final status conference was held in chambers. During the conference, plaintiffs' counsel indicated he believed the five-year period would expire sometime in June or July of 2002. The trial court then checked the file, saw that the original complaint was filed January 10, 1997, and according to defense counsel, the trial court "was absolutely dumbfounded at that point."

### 3. *Defendants' Motion for Dismissal Under the Five-year Statute.*

Defendants promptly filed a motion to dismiss the action under the five-year statute, arguing the failure to bring the action to trial within five years was due to the erroneous belief of plaintiffs' counsel that the five years would not expire until June or July of 2002. Defendants pointed out that on September 25, 2001, when the trial court set a trial date of January 29, 2002, plaintiffs failed to alert the trial court to the chronology of the case and

acquiesced in a trial date beyond the five-year mark. Defendants also argued that, leaving aside plaintiffs' silence at the September 25, 2001 trial setting conference, there was, as of that date, still ample time thereafter to advance the trial date pursuant to a motion under California Rules of Court, rule 375 (rule 375). Defendants contended that plaintiffs' inadvertence did not qualify as impracticability, impossibility or futility for purposes of tolling the five-year statute.

In opposition, plaintiffs argued the five-year statute was tolled on the grounds of impracticability, impossibility or futility because Levin's suicide on July 7, 2001, caused the September 18, 2001 trial date to be vacated, and resulted in several months of delay in selecting replacement counsel, providing new counsel with Levin's files and bringing him up to speed on the case.

### 4. *Trial Court's Ruling.*

On February 7, 2002, after hearing the matter, the trial court granted defendant's dismissal motion, stating: "I don't think that the issue in this case is whether or not it would be impracticable, impossible or futile to bring to trial within the period of time within which Mr. Levin's death occurred and new counsel was brought in and got properly prepared. I think the real issue is whether or not it's impossible, impracticable or futile to bring the case to trial within the five years, and I don't think in this case that we have that situation because as I stated yesterday when we came—I said I had reviewed the minute orders in this case, and at the telephone conference that was held on September 25th when this matter was discussed and the trial dates were selected had—Mr. Casselman, had it been brought to the court's attention or if you had in any way complied with [rule] 375 . . . asking the case be advanced this case could have been brought to trial within the five-year period. The only reason it wasn't was to accommodate the trial schedule of Mr. Cochran who plaintiff brought in to try the case.

"I think this case could have been tried within the five-year period and it was just but for an accommodation of plaintiff's trial counsel that the matter went beyond the five years and there [was] never a motion made to advance the case, there was never a motion made to ask for preferential setting . . . . [¶] The motion to dismiss will be granted as to all the defendants."

Plaintiffs filed a timely notice of appeal from the order of dismissal.

### CONTENTIONS

 On appeal, plaintiffs contend that the five-year period was tolled from the date of Levin's suicide up until the date replacement counsel was

retained and was ready for trial. Defendants, of course, dispute this and assert the same arguments that they advanced in the trial court.

## DISCUSSION

### 1. *General Principles*.

#### a. *Statutory Scheme*.

An action "shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.)

Dismissal is mandatory if the action is not brought to trial within the statutory period. Section 583.360 states: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

 ▬▬ The five-year period may be extended by *written stipulation* or by *oral agreement* in open court. (§ 583.330.)[3] Additionally, with respect to the calculation of the five-year period, section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) *Bringing the action to trial, for any other reason, was impossible, impracticable, or futile*." (Italics added.)

Plaintiffs' tolling argument rests entirely on impracticability pursuant to section 583.340, subdivision (c).

---

[3]Contrary to plaintiffs' position, there was no stipulation to extend the five-year period. To serve as an extension of the five-year period, "the stipulation must be written and extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal. (*Miller & Lux, Inc.* v. *Superior Court* [(1923)] 192 Cal. 333, 338 [219 P. 1006].) *Stipulations that merely extend the time for trial within the five-year period*, absent a showing that the parties intended otherwise, will not extend the five-year period." (*J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919], italics added.) Here, following Levin's suicide, the parties stipulated to continue the September 18, 2001 trial date, with a *requested* trial date of December 18, 2001. However, there was no stipulation to extend the time to try the case beyond the five-year mark of January 10, 2002.

### b. *A Plaintiff Has a Duty to Exercise Reasonable Diligence to Ensure That a Case Is Brought to Trial Within the Statutory Period.*

■ The tolling provision for impossibility, impracticability or futility does not exist in a vacuum. " 'What is impossible, impracticable, or futile is determined in light of all the circumstances of a particular case, including the conduct of the parties and the nature of the proceedings. *The critical factor is whether the plaintiff exercised reasonable diligence in prosecuting its case.* [Citation.] The statute must be liberally construed, consistent with the policy favoring trial on the merits.' [Citation.] 'Reasonable diligence places on a plaintiff the affirmative duty to make every reasonable effort to bring a case to trial within five years, *even during the last month of its statutory life.* [Citation.] [¶] Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions. [Citation.] Moreover, reasonable diligence alone is not sufficient to protect a party from an involuntary dismissal; rather, reasonable diligence constitutes a guideline by which to assess the existing exceptions of impossibility, impracticability, or futility. [Citation.]' [Citation.]" (*Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 502 [54 Cal.Rptr.2d 805], italics added.)

Similarly, in *Hughes v. Kimble* (1992) 5 Cal.App.4th 59 [6 Cal.Rptr.2d 616], this court reiterated: "As has often been held, and as we have recently had occasion to reemphasize, a plaintiff has a duty to exercise reasonable diligence to insure that a case is brought to trial or other conclusion within statutory time constraints. (*Wilshire Bundy Corp.* v. *Auerbach* [1991)] 228 Cal.App.3d [1280,] 1286 [279 Cal.Rptr. 488]; *Boutwell* v. *Kaiser Foundation Health Plan* [(1988)] 206 Cal.App.3d [1371,] 1374 [254 Cal.Rptr. 173]; *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 10-11 [225 Cal.Rptr. 905].)" (*Hughes v. Kimble, supra,* at p. 70.)

In *Hughes,* the plaintiff obtained a clerk's entry of default but then failed for over three years to obtain a judgment. (*Hughes v. Kimble, supra,* 5 Cal.App.4th at p. 70.) The trial court dismissed the action under the five-year statute and this court affirmed, stating the duty to exercise reasonable diligence in prosecution "includes a duty to exercise reasonable diligence in obtaining a judgment after a clerk's entry of default. Accordingly, the time between entry of a default and entry of a default judgment should be excluded from the five-year time to bring a case to trial *if and only if the court finds that the plaintiff used due diligence to obtain entry of the judgment, and that in spite of such due diligence, it was impossible, impracticable, or futile to obtain a judgment.*" (*Id.* at pp. 70-71, italics added.)

c. *Standard of Review.*

The determination "of whether the prosecution of an action was indeed impossible, impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion. Such determination will not be disturbed on appeal unless an abuse of discretion is shown. [Citations.]" (*Hughes v. Kimble, supra,* 5 Cal.App.4th at p. 71.)

Where a trial court has discretionary power to decide an issue, we are not authorized to substitute our judgment for that of the trial court. (*Gilbert v. National Corp. for Housing Partnerships* (1999) 71 Cal.App.4th 1240, 1250 [84 Cal.Rptr.2d 204].) Reversible abuse exists only if there is no reasonable basis for the trial court's action, so that the trial court's decision exceeds the bounds of reason. (*Ibid.; Tahoe Keys Property Owners' Assn. v. State Water Resources Control Bd.* (1994) 23 Cal.App.4th 1459, 1470 [28 Cal.Rptr.2d 734].)

2. *Trial Court Acted Within Its Discretion in Rejecting Plaintiffs' Claim That It Was Impracticable to Bring the Case to Trial Within the Five-year Period.*

a. *Plaintiffs Have Not Shown Any Causal Connection Between the Death of Defense Counsel and Plaintiffs' Failure to Bring the Action to Trial Within Five Years.*

In *Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464 [266 Cal.Rptr. 50] (hereafter *Sierra Nevada*), five years and one day after filing the complaint, the plaintiffs served the defendant hospital with an at-issue memorandum. (*Id.* at p. 469.) The reason the plaintiffs missed the five-year date for bringing the action to trial was an error in the calculation of the statutory deadline which occurred because an attorney at the plaintiffs' law firm mistakenly referred to the date posted on the file label as the date the complaint was filed. (*Ibid.*)

Once the five-year period expired, the defendant hospital filed a motion to dismiss for failure to bring the matter to trial within the statutory period. (*Sierra Nevada, supra,* 217 Cal.App.3d at p. 469.) The trial court denied the motion because it found the five-year period was tolled for 77 days due to various interspersed periods of the plaintiffs' counsel's disability due to surgeries and convalescence. (*Id.* at pp. 468-469.) The defendant filed a petition for writ of mandate. The appellate court granted the petition and ordered the lower court to enter an order dismissing the case, finding "the

failure of plaintiffs' law firm to calendar the case in a timely manner had nothing to do with counsel's physical disabilities." (*Id.* at p. 467.)

*Sierra Nevada* observed, "In the course of five years it is reasonable to expect that counsel will suffer a number of days when illness will prevent his attendance to his practice. Similarly, it is reasonable to expect that counsel will have to attend to other business, personal and professional, including, for example, days off and vacations. The five-year period contains an allowance for the time so consumed in the same manner as it allows for the usual and ordinary proceedings attendant to moving the case to trial. It would render the statute utterly indeterminate, subjective, and unadministerable, and thus absurd, to read an openended sick leave program for counsel into the tolling provisions of section 583.340, subdivision (c). [¶] *The text of section 583.340 impels the view that there must be a causal connection between the circumstance upon which plaintiff relies and the failure to satisfy the five-year requirement. Bringing the action to trial must be impossible, impracticable, or futile for the reason proffered.*" (*Sierra Nevada, supra,* 217 Cal.App.3d at pp. 472-473, italics added, fn. omitted.)

In the instant case, there was no causal connection between the circumstances upon which plaintiffs are relying and their failure to bring the action to trial within five years. The failure to bring the action to trial within five years was not due to the suicide of Balderrama's attorney; nor was it due to the four-month period between the date Balderrama's need for independent counsel arose and Levin's entry into the case; nor was it due to the 69-day period during which plaintiffs sought writ review of a discovery ruling. Thus, the failure to try the case within five years was not impracticable for the reasons proffered.

Rather, plaintiffs' failure to bring the action to trial within five years is attributable to their counsel's lack of diligence in failing to keep apprised of the case's chronology. The record reflects plaintiffs' counsel was under the misapprehension that the five-year anniversary of the case's inception would occur sometime in June or July of 2002. Consequently, on September 25, 2001, when the trial court selected a trial date of January 29, 2002, plaintiffs' counsel failed to alert the trial court to the fact that January 10, 2002, was the five-year mark and acquiesced in the setting of a trial date beyond the five-year period.

Because it was the inadequate oversight of plaintiffs' counsel, rather than Levin's death, which led to plaintiffs' failure to bring the action to trial within five years, there was no causal connection between the circumstances upon which plaintiffs rely and their failure to satisfy the five-year requirement. In short, it was not impracticable to bring the action to trial for the reasons proffered.

### b. *Death of Defense Counsel Did Not Give Rise to a Period of Impracticability over Which Plaintiffs Had No Control.*

For the tolling provision of section 583.340 to apply, there must be "a period of impossibility, impracticability or futility, *over which plaintiff had no control . . . ."* (*New West Fed. Savings & Loan Assn. v. Superior Court* (1990) 223 Cal.App.3d 1145, 1155. [273 Cal.Rptr. 37], italics added.) The death of defendant Balderrama's attorney did not result in a situation over which plaintiffs had no control. At that juncture, plaintiffs could have continued to insist on the existing September 18, 2001, trial date or some other trial date within the five-year mark, unless defendants stipulated to extend the five-year period. However, plaintiffs simply acquiesced in the setting of a trial date beyond the five-year mark, without securing a stipulation from defendants.

This case is entirely distinguishable from *Him v. Superior Court* (1986) 184 Cal.App.3d 35 [228 Cal.Rptr. 839]. There, the *plaintiff's* attorney suffered a serious and acute illness which warranted the application of the impracticability exception to excuse his failure to bring the case to trial within the five-year period. (*Id.* at pp. 37, 39.) Obviously, the illness or death of a plaintiff's attorney may result in a period of time when prosecution of the case is impracticable and beyond the plaintiff's control. However, the illness or death of *defense* counsel does not create the same impediment to a plaintiff's prosecution of his or her case.

Further, the *Him* court reiterated the critical factor in applying the impracticability exception " 'to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' [Citations.] The law applicable to the instant case, properly stated, is that '[d]elay attributable to sickness or death of counsel . . . is not *necessarily* excusable. Each case must be decided on its own peculiar features and facts. [Citations.]' " (*Him v. Superior Court, supra,* 184 Cal.App.3d at p. 39.)

Here, the trial court properly found the death of defendant Balderrama's attorney, in and of itself, did not excuse plaintiffs from their failure to bring the action to trial within the five-year period.

### c. *The Effect of Plaintiffs' Failure to Bring a Motion to Specially Set the Matter for Trial.*

Finally, irrespective of plaintiffs' counsel's acquiescence at the September 25, 2001 conference, at which time the trial court selected the January 29, 2002 trial date, there was still ample time after that conference to bring a

motion to advance the trial date. (Rule 375.) Plaintiffs missed that opportunity as well. ■ " 'Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability.' (*Tejada* v. *Blas* [(1987)] 196 Cal.App.3d 1335, 1340 [242 Cal.Rptr. 538].)" (*Lauriton v. Carnation Co.* (1989) 215 Cal.App.3d 161, 165 [263 Cal.Rptr. 476].)

## Conclusion

■ Plaintiffs did not exercise reasonable diligence to ensure that the case was brought to trial within the statutory period—plaintiffs simply overlooked the five-year mark. Not surprisingly, the trial court found unpersuasive plaintiffs' after-the-fact rationalization that various circumstances, including Levin's suicide, made it impracticable to try the action within five years. On this record, we perceive no abuse of discretion in the trial court's rejection of plaintiffs' claim of impracticability. We summarily reject plaintiffs' estoppel argument.[4]

## Disposition

The order of dismissal is affirmed. Defendants shall recover their costs on appeal.

Kitching, J., and Aldrich, J., concurred.

A petition for a rehearing was denied July 9, 2003, and appellants' petition for review by the Supreme Court was denied September 10, 2003.

---

[4]Plaintiffs assert that defendants' dismissal motion is barred by estoppel. Section 583.140 provides: "Nothing in this chapter abrogates or otherwise affects the principles of waiver and estoppel." Plaintiffs apparently contend they were lulled into a false sense of security by defendants, who, following Levin's suicide, sought a continuance of the September 18, 2001 trial date and required additional time for Levin's successor to prepare for trial. The existence of an estoppel, however, is generally a question of fact and therefore is a matter to be resolved by the trial court *in the first instance.* (*Hock Investment Co. v. City and County of San Francisco* (1989) 215 Cal.App.3d 438, 449 [263 Cal.Rptr. 665].) Plaintiffs did not assert estoppel below in their opposition to the dismissal motion. Therefore, the issue is not properly before us.