[No. E041294. Fourth Dist., Div. Two. Sept. 19, 2007.]

JOAQUIN DE SANTIAGO, Plaintiff, v.
D AND G PLUMBING, INC., et al., Defendants and Respondents;
STAR INSURANCE COMPANY, Intervener and Appellant.

COUNSEL

Laughlin, Falbo, Levy & Moresi and Kermit N. Sprang for Intervener and Appellant.

Ault, Schonfeld, Jordan & Munro and Jeffrey L. Ebright for Defendants and Respondents MR Development, Inc., and Juan Gabriel Fernandez.

Lee, Bazzo, & Nishi, Ted M. Lee and Allison M. Hunt for Defendant and Respondent D and G Plumbing, Inc.

OPINION

GAUT, J.—Intervener and appellant Star Insurance Company (Star) appeals from a judgment of dismissal for failing to bring its complaint in intervention to trial within the five-year statutory period. (Code Civ. Proc., §§ 583.310, 583.360.)[1]

Star contends the five-year limitation period did not bar its action because the impracticability exception, based on court congestion, tolled the five-year limitation period. We disagree and affirm the judgment.

## 1. Facts

Plaintiff Joaquin De Santiago suffered a work-related injury when a coemployee, defendant Daniel Flores, discharged a nail gun and struck De Santiago in his left eye.

On February 2, 2001, De Santiago filed a personal injury complaint against Flores and his employer, D and G Plumbing, Inc. (D&G). De Santiago later added as Doe defendants, MR Development, Inc., doing business as A & M Construction (MR Development) and A & M Framing, Inc.

D&G cross-complained against A & M Framing, Inc., MR Development, and Juan Gabriel Fernandez. MR Development cross-complained against D&G and Flores.

On August 23, 2002, De Santiago's employer's worker's compensation insurance carrier, Star, administered by Gallagher Bassett Services, filed a complaint in intervention for reimbursement of workers' compensation benefits from Flores, Fernandez, MR Development (Doe 1), and D&G (Doe 2).

[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

Star later filed an amended complaint in intervention, deleting Flores and D&G from the complaint in intervention. MR Development and Fernandez (respondents) are the only respondents in this appeal.

The parties conducted discovery and filed numerous motions. At a status conference on October 23, 2003, the trial court set the trial on September 13, 2004. On September 13, 2004, the court vacated and continued the trial to September 24, 2004. No reason for the continuance was stated in the minute order or reporter's transcript.

On September 24, 2004, according to the minute order, the court on its own motion vacated and continued the trial to August 8, 2005 (318 days), "[d]ue to the unavailability of Deparment [*sic*] 2H." The minute order further states: "No appearance necessary, unless called by the Court. This trial to trail for two weeks, pursuant to CCP 594a."

In April 2005, De Santiago dismissed his complaint after settling his lawsuit. Star's complaint in intervention remained pending.

On July 12, 2005, during a hearing on Star's motion to quash D&G's demand for exchange of expert witnesses, the trial court set a case management conference (CMC) on September 14, 2005, after the August 8, 2005, trial date. The minute order notes that "Counsel indicates they have been in mediation." No mention is made of the August 8, 2005, trial date. The register of actions states that on August 8, 2005, the trial court vacated the August 8, 2005, trial date. No reason is provided and it appears none of the parties or counsel appeared that day.

The reporter's transcript of the July 12, 2005, hearing states that, when the court asked when the next hearing was in the case, D&G's attorney, Ms. Hess, told the court the next date was the trial on August 8 and that Flores and D&G would like private mediation of the matter. The court responded, "I can tell you the August 8 day is not going to be a go. [¶] What would you like to do with it then?" Ms. Hess said she would like the trial set near the end of the year, with a postmediation hearing in November or December. MR Development's attorney said that since he had vacation plans in December, he did not want the trial in December.

The trial court replied: "You're not going to see a date until July of next year at the best." Ms. Hess said: "That would be fine with us, Your Honor. That would give us time." The court set a trial setting conference or CMC on September 14, 2005. Star's attorney did not bring to the court's attention that the five-year limitation period expired in February 2006, or object to the court's continuing the trial until July of 2006, beyond the five-year mark.

At the CMC on September 14, the court said the case should be arbitrated. Ms. Hess informed the court that mediation was scheduled for October 5. When the court suggested arbitrating the case in the event it did not settle, Star's attorney noted that the case had already been set to be tried in September 2004, but the court had continued it to August 2005, because the court was unavailable. Shortly before the August trial date, the parties told the court they wanted to mediate.

Upon being apprised of these circumstances, the trial court set the trial on August 28, 2006. Star's attorney did not object to the trial date or inform the court that the trial date was beyond the five-year mark.

On May 12, 2006, respondents filed a motion to dismiss Star's complaint in intervention under section 583.310, on the ground Star failed to prosecute the action within five years of the filing of De Santiago's underlying complaint on February 2, 2001.

Star opposed the motion on the ground the five-year period was tolled under section 583.340, subdivision (c), based on impracticability arising from trial continuances due to court congestion.

On June 8, 2006, the court heard respondents' motion to dismiss and noted during the hearing that "If you've got a five-year case and you're bumping up against the five years, you bring a motion. [¶] I'm telling you any time anybody has ever brought such a motion, I jam that case in, and you didn't do that." Star's attorney acknowledged he had not brought such a motion but argued that it was not required. The trial court took the matter under submission but permitted counsel to submit additional written argument on tolling the limitation period.

On June 27, 2006, after Star and respondents filed supplemental points and authorities, the trial court granted respondents' motion to dismiss. On July 20, 2006, the trial court amended its June 27 minute order, nunc pro tunc, to add that the trial date of August 28, 2006, was vacated and the entire action was dismissed with prejudice.

The order of dismissal, dated July 20, 2006, states that "During the period of December 12, 2005 to January 19, 2006, all civil departments were 'shut down' by order of the Presiding Judge of this court. In addition, there may have been two other periods during the last five years when other 'shut downs' occurred. They totaled less than two months. However, the records of this file do reflect that on at least two occasions the court on its own motion continued this case for a year or so at a time. That procedure merely reflects that for a two-week period, the court could not hear their case because of

court congestion. What is also clear is that the plaintiff [Star] did not motion this court to set the case specially for a date within the five years. That has been done in other cases, and this department always accommodates such requests. Even if the action was tolled during that period, the five years would still have passed. It is the opinion of this court, that Sanchez v. City of Los Angeles (2003) 109 Cal.App.4th 1262 [135 Cal.Rptr.2d 869] remains the law of this State."

## 2. Impracticability Exception to the Five-year Limitation Period

Star argues the five-year limitation period did not run because tolling during the trial continuances due to court congestion was automatic and Star was not required to file a motion to advance the trial.

■ Under section 583.310, an action must be brought to trial within five years after it is filed unless, under section 583.340, subdivision (c), "[b]ringing the action to trial . . . was impossible, impracticable, or futile." (§ 583.340, subd. (c).) The time during which one of these three conditions exists is excluded from the five-year period. (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328 [54 Cal.Rptr.3d 175] (*Tamburina*).) Section 583.340, subdivision (c) must be liberally construed, consistent with the policy favoring trial on the merits. (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270 [135 Cal.Rptr.2d 869] (*Sanchez*); *Chin v. Meier* (1991) 235 Cal.App.3d 1473, 1477 [1 Cal.Rptr.2d 499] (*Chin*).)

This exception is recognized because the purpose of the five-year statute is to prevent *avoidable* delay, and the exception makes allowance for circumstances beyond the plaintiff's control, in which moving the case to trial is impracticable for all practical purposes. (*Tamburina, supra*, 147 Cal.App.4th at p. 328.)

The determination of whether prosecution of an action was impossible, impracticable, or futile during the five-year limitation period is generally a matter within the trial court's discretion. Such determination will not be disturbed on appeal unless an abuse of discretion is shown. (*Sanchez, supra*, 109 Cal.App.4th at pp. 1269, 1271.)

Before enactment of section 583.340 in 1984, "case law recognized implied exceptions to the five-year statute. [Citation.] 'One, of course, is the rule that if the plaintiff has obtained a trial date within the five years and is prevented from actually going to trial because no courtroom is open, the delay is "on the house." [Citation.]' [Citation.] The five-year statute was customarily tolled if the trial was timely set but continued beyond the

five-year period because of court congestion. [Citations.] However, no case held that a plaintiff could aggregate periods of time attributable to court-ordered continuances when the last trial date preceded the five-year anniversary." (*Chin, supra*, 235 Cal.App.3d at p. 1476.)

■ Recently, in *Tamburina*, the court stated that in determining whether the impracticability exception applied, the court must find the following three factors: (1) a circumstance of impracticability; (2) a causal connection between that circumstance and the plaintiff's failure to move the case to trial; and (3) that the plaintiff was reasonably diligent in moving the case to trial. (*Tamburina, supra*, 147 Cal.App.4th at p. 328.) The plaintiff has the burden of proving these factors. (*Tamburina, supra*, 147 Cal.App.4th at pp. 329, 333, 336.)

In *Tamburina*, the court held that five stipulated continuances, totaling 424 days, attributable to the plaintiff's and his attorney's serious health problems, qualified as a circumstance of impracticability. (*Tamburina, supra*, 147 Cal.App.4th at pp. 331, 332.)

The *Tamburina* court further concluded there was a causal connection between the stipulated continuances and the plaintiff's failure to bring the case to trial within five years, because the continuance period of 424 days deprived the plaintiff of a substantial portion of the five-year period for prosecuting the lawsuit. (*Tamburina, supra*, 147 Cal.App.4th at p. 335.) The court explained: "[T]he 'causal connection' required between a circumstance of illness and the failure to satisfy the five-year requirement—to establish impracticability—includes the concept that 'but for' the illness, the five-year deadline would have been met. But the 'causal connection' requirement to establish impracticability is also met if 'an unusually lengthy illness' deprives the plaintiff of a 'substantial portion' of the five-year period for prosecuting the lawsuit—'i.e., trial preparation and moving the case to trial,' even if there is ample time after the period of impracticability in which to go to trial." (*Tamburina, supra*, 147 Cal.App.4th at p. 335; see also *Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464, 473 [266 Cal.Rptr. 50].)

■ The *Tamburina* court added, however, that "the requirement that a plaintiff exercise reasonable diligence at all stages of the proceedings must still be met to apply the impossibility, impracticability or futility exception to the five-year deadline." (*Tamburina, supra*, 147 Cal.App.4th at p. 334.)

In *Tamburina*, the court concluded that the trial court erred in finding there was no causal connection based on the "but for" strand of causation, without recognizing that a causal connection could exist based on the unusually

lengthy continuances based on illness, which deprived the plaintiff of a substantial portion of the five-year period to prosecute the case. (*Tamburina, supra,* 147 Cal.App.4th at p. 335.) Because the trial court concluded in *Tamburina* that there was no causal connection, and thus dismissed the action for failure to bring the action within five years, the trial court did not consider the third factor, reasonable diligence, in determining whether the five-year period was tolled based on impracticability. As a consequence, the *Tamburina* court reversed and remanded the case to the trial court for a determination of whether the plaintiff exercised reasonable diligence in prosecuting the case. (*Tamburina, supra,* 147 Cal.App.4th at p. 336.)

■ With regard to reasonable diligence, the *Tamburina* court noted: "Because the purpose of the five-year statute for bringing a case to trial is to prevent *avoidable* delay for too long a period, the 'critical factor' as to whether the impracticability exception applies to a given factual situation is whether the plaintiff has exercised 'reasonable diligence' in prosecuting his or her case. [Citations.] This duty of diligence applies 'at all stages of the proceedings,' and the level of diligence required increases as the five-year deadline approaches. [Citations.] The exercise of reasonable diligence includes a duty 'to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred.' [Citations.]" (*Tamburina, supra,* 147 Cal.App.4th at p. 336; see also *Sanchez, supra,* 109 Cal.App.4th at p. 1270; *Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 502 [54 Cal.Rptr.2d 805].)

Here, Star established a circumstance of impracticability, consisting of a 318-day trial continuance (from Sept. 24, 2004, to Aug. 8, 2005) due to court congestion. Star has not, however, established the initial 11-day continuance was due to court congestion. The trial court did not state why it initially continued the trial 11 days (from Sept. 13, 2004, to Sept. 24, 2004). Star also did not establish that the court vacated the August 8, 2005, trial date and later reset it over a year later on August 28, 2006, due to court congestion.

Although at the hearing on July 12, 2005, shortly before the August 8 trial date, the trial court indicated the case would not be tried on August 8, 2005, due to courtroom unavailability and the case would most likely not be tried until July 2006, at the soonest, the court did not vacate the August trial date at that time. Furthermore, at the July hearing the parties told the court they wished to mediate the case before trying it. This appears to be the reason for the continuance, even if a courtroom was not available. When the trial court vacated the August 8, 2005, trial date on August 8, the court did not state why it did so and the parties and counsel were not present at the time.

On September 14, 2005, when the trial court set the trial on August 28, 2006, the court did not expressly state why it did not set the trial sooner.

Comments made by the court and counsel indicated the delay was primarily due to the parties wishing to participate in private mediation before trying the case. At the September hearing, the trial court did not mention the courtroom was unavailable until August 2006, although the court had previously mentioned in July that due to court congestion a trial was unlikely until July 2006. Thus, it is not clear that the continuance was actually due to courtroom unavailability. It appears it was, at least in large part, due to the parties wishing to mediate the case.

Even though the trial continuance, from September 24, 2004, to August 8, 2005, was for 318 days, Star failed to establish that the final continuance was due to courtroom unavailability or that Star was reasonably diligent in prosecuting the case after the July 2005 hearing, during the final six months of the five-year period. During this time, Star had a duty to bring to the trial court's attention the fact that the trial court set the trial for a date after expiration of the five-year period, and object. Upon becoming aware of the impending expiration of the five-year period, the trial court in all likelihood would have given the case priority for the purpose of trying the case before the five-year period expired. Star's attorney failed to alert the trial court that the trial date was beyond the five-year mark of February 2, 2006, and thus, in effect, Star acquiesced in the court's setting the trial date beyond the five-year mark.

Star also had a duty to take whatever other measures were available to attempt to accelerate trial of the case before expiration of the five-year period, including bringing a motion to advance the trial. Even after the court set the case for trial beyond the five-year mark, there was ample time to move to advance the trial date pursuant to California Rules of Court, rule 3.1335.

Under similar circumstances in *Wale v. Rodriguez* (1988) 206 Cal.App.3d 129 [253 Cal.Rptr. 382] (*Wale*), the court held the five-year period was not tolled. In *Wale*, the plaintiff's attorney failed to bring a motion to advance the trial after the court clerk set the trial beyond the five-year mark. The *Wale* court concluded: "Appellant was not entitled to assume that a motion to specially set would have been futile. His failure to so move was fatal." (*Id.* at p. 133.)

In *Sanchez, supra,* 109 Cal.App.4th 1262, the court likewise found there was no causal connection and thus rejected the plaintiffs' contention that the five-year limitation period was tolled for four months based on impracticability. In *Sanchez,* the plaintiffs argued the period was tolled from the date of one of the defendant's attorney's suicide until the date replacement counsel was retained and was ready for trial. The trial court found that expiration of the five-year period was actually due to the plaintiffs' attorney's miscalculation of the five-year period and thus there was no causal connection between

the defendant's attorney's death and expiration of the five-year period. Rather, there was merely an "after-the-fact rationalization" of the plaintiffs' failure to try the case within five years. (*Id.* at p. 1274.)

■ The *Sanchez* court noted that, "irrespective of plaintiffs' counsel's acquiescence at the September 25, 2001 conference, at which time the trial court selected the January 29, 2002 trial date, there was still ample time after that conference to bring a motion to advance the trial date. (Rule 375.)[2] Plaintiffs missed that opportunity as well. ' "Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability." [Citation.]' [Citation.]" (*Sanchez, supra,* 109 Cal.App.4th at pp. 1273–1274.)

Likewise, here, Star was not reasonably diligent in prosecuting its case due to acquiescing in the court's setting the trial date beyond the five-year mark. Star's counsel failed to alert the trial court that the selected trial date was beyond the five-year mark and failed to request the court set an earlier trial date. Star also did not move to advance the trial to a date before the five-year mark and did not object to the court setting the trial beyond the mark. The trial court stated during respondents' motion to dismiss that, had counsel done so, the court would have made every effort to set the trial before the five-year period expired.

■ Whether reasonable diligence is considered in the context of determining the element of causal connection (*Sanchez*) or as an independent factor (*Tamburina*), it is a critical factor to be considered in determining whether the impracticability exception applies. (*Tamburina, supra,* 147 Cal.App.4th at p. 336; *Sanchez, supra,* 109 Cal.App.4th at p. 1270; *Moss v. Stockdale, Peckham & Werner, supra,* 47 Cal.App.4th at p. 502.) In the instant case, Star was not reasonably diligent in bringing its case to trial during the last six months of the five-year period and thus the impracticability exception does not apply.

Star cites *Chin, supra,* 235 Cal.App.3d 1473, for the proposition the five-year period is automatically tolled when the court continues a trial due to court congestion. In *Chin,* the plaintiff argued that the trial court's four continuances due to courtroom unavailability tolled the five-year limitation period 266 days under section 583.340, subdivision (c). (*Chin, supra,* at p. 1475.) The *Chin* court agreed and reversed dismissal of the plaintiff's action for failing to try the case within five years. (*Id.* at pp. 1474–1475.)

---

[2] Renumbered in part in 2004 as California Rules of Court, rule 375.1, and thereafter renumbered in 2007 as California Rules of Court, rule 3.1335.

Relying on the Law Revision Commission comments to section 583.340 (17 Cal. Law Revision Com. Rep. (1984) 904, 935–936), the *Chin* court concluded that "Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial." (*Chin, supra,* 235 Cal.App.3d at p. 1477.) The *Chin* court rejected *State of California v. Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650], in which the court held the five-year limitation period was not tolled by the section 583.340, subdivision (c) exception because there remained almost seven months until the five-year mark. (*Chin, supra,* at p. 1477.)

The *Chin* court thus concluded that, when there is a court-ordered continuance, "[t]he trial court must merely subtract the aggregate periods of time attributable to each court-ordered continuance because of courtroom unavailability." (*Chin, supra,* 235 Cal.App.3d at p. 1478.)

■ *Chin* is inconsistent with *Tamburina. Chin* rejected any consideration of reasonable diligence in determining whether the impracticability exception applied. In light of case precedent emphasizing that reasonable diligence is a critical factor in determining whether the impracticability exception tolls the five-year limitation period, we conclude, contrary to *Chin,* that when determining whether the impracticability exception applies and tolls the five-year period, reasonable diligence must be taken into consideration, particularly with regard to the period between the last continuance and the five-year mark. (*Tamburina, supra,* 147 Cal.App.4th at p. 336; see also *Sanchez, supra,* 109 Cal.App.4th at p. 1270; *Moss v. Stockdale, Peckham & Werner, supra,* 47 Cal.App.4th at p. 502; *Wale, supra,* 206 Cal.App.3d at p. 133.)

■ Where there is the possibility that Star could have brought the case to trial before expiration of the five-year mark, despite trial continuances, we cannot conclude the continuances resulted in impracticability. Reasonable diligence after the continuances is intrinsic to the determination of the impracticability exception, whether it is considered in determining the causal connection factor or as a separate factor. We thus reject *Chin* to the extent it concludes that the trial court must merely subtract the aggregate periods of time attributable to each court-ordered continuance because of courtroom unavailability, without considering whether the plaintiff was reasonably diligent in bringing the case to trial, particularly as the five-year mark approaches. (*Chin, supra,* 235 Cal.App.3d at p. 1479.)

To conclude otherwise would wreak havoc on application of the five-year limitation period. In effect, every court-ordered continuance due to courtroom unavailability would toll the five-year limitation, even if it was nevertheless

possible to bring the case to trial within the five-year limitation period upon exercising reasonable diligence. It is unlikely this was the intent of the Legislature in enacting section 583.340, subdivision (c).

### 3. Disposition

The judgment is affirmed. MR Development, Inc., doing business as A & M Construction and Juan Gabriel Fernandez are awarded their costs on appeal from Star.

Richli, Acting P. J., and Miller, J., concurred.