Filed 7/19/23  Bittenson v. Bittenson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TERRI BITTENSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARK BITTENSON, et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B320303<br>(Super. Ct. No. 56-2015-00475085-CU-PO-VTA)<br>(Ventura County) |

Terri Bittenson purports to appeal from the trial court's nonappealable, unsigned minute order dismissing her action for failure to bring it to trial within five years after it was filed. (Code Civ. Proc., § 583.310 ["An action shall be brought to trial within five years after the action is commenced against the defendant"].)[1]  After appellant had filed her notice of appeal, the trial court dismissed the action.  We construe the appeal to be from the judgment of dismissal and affirm.

---

[1] All statutory references are to the Code of Civil Procedure.

*Procedural Background*

On December 1, 2015, appellant filed a complaint against respondents Mark Bittenson, Duane Fowler, and Leslie Bittenson. In February 2020, more than four years later, appellant's present counsel was substituted into the case as her counsel of record.

On August 10, 2020, a trial setting conference was conducted. The minute order for the conference states: "Court and counsel discuss 5 year statute for case and time tolled pursuant to the [Covid] pandemic. The Court admonishes counsel to calculate the date [i.e., the date when the five-year statute will expire]. Mr. Gower [counsel for respondent Leslie Bittenson] objects to extension except by court mandate. Ms. Opri [counsel for respondent Mark Bittenson] joins. The Court again admonishes counsel to research the matter and calculate the date." The court scheduled a mandatory settlement conference for January 19, 2021, and a pretrial conference for February 8, 2021. Appellant did not object.

On February 8, 2021, the scheduled jury trial date of February 22, 2021, was vacated. The court continued the pretrial conference to November 15, 2021. The minute order for February 8, 2021, states, "Jury Trial will not commence until after Thanksgiving." Appellant did not object.

By written stipulation signed in November 2021, the parties agreed to continue the pretrial conference to January 24, 2022. The stipulation said nothing about extending the time within which an action must be brought to trial pursuant to section 583.310.

On February 18, 2022, the trial court ordered the parties to submit briefs on whether the action should be dismissed because

2

it had not been brought to trial within five years after it was filed. In her brief appellant argued that the five-year statutory period was tolled because the Covid pandemic had created a judicial emergency that made it "'impossible, impracticable, or futile'" to bring the action to trial within the five-year period. Section 583.340, subdivision (c) provides that, in calculating the time within which an action must be brought to trial, "there shall be excluded the time during which . . . [b]ringing the action to trial . . . was impossible, impracticable or futile." Appellant alleged, "Under the circumstances . . . , this case could not have been tried to a jury in the County of Ventura during the last two years . . . ."

The trial court issued its ruling in an unsigned, three-page minute order. The court said:

"Since the action commenced on December 1, 2015, pursuant to CCP, section 583.310, [appellant] was required to bring the action to trial within 5 years, or by December 1, 2020 . . . ." "During the COVID-19 pandemic, emergency orders (Order of the Chief Justice 10(a)) extended the time to bring an action to trial . . . by 6 months. [Appellant's] deadline to bring the action to trial was therefore extended from December 1, 2020, to June 1, 2021."[2]

---

[2] "Following the outbreak of COVID-19 in March 2020, the Judicial Council of California adopted an emergency rule that extended the deadline to bring a civil action to trial under section 583.310. Specifically, emergency rule 10(a), effective April 6, 2020, provides that 'Notwithstanding any other law, including . . . section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months.' (Cal.

"For this Court to rule that the COVID-19 pandemic and concurrent safety requirements are, by themselves, an 'impossible, impractica[b]l[e], or futile' reason under CCP section 583.340, subdivision (c) would create an absurd result: such a ruling would effectively suspend the entire statute for all litigants during the entirety of the pandemic, based solely on the presence of the pandemic. . . . Numerous civil trials have taken place in this courthouse along with dozens of criminal jury trials since March of 2020. Jury trials were happening, albeit without the awareness of [appellant's] counsel."

"Despite the fact that [appellant] could have brought the matter to trial during the pandemic to meet the 5-year deadline, [appellant's] counsel made no attempt to proceed to trial during that time." "Simply put, reasons related to the pandemic only added six months to the computation of time under CCP section 583.310 et seq."

"Importantly, the Court notes a minute order dated August 10, 2020, wherein the parties were advised by . . . this Court that this time limit was a significant issue that they needed to address. [Respondents] made clear they would not agree to extend the deadline under CCP, section 583.310. [Appellant] was expressly placed on notice at that time that the date needed to be determined and the issue needed to be resolved."

"[Appellant] had until June 1, 2021 to bring this action to trial. There is no other statutory extension, tolling, etc. that applies. . . . Dismissal is mandatory under CCP, section 583.360." Section 583.360 provides: "(a) An action shall be dismissed by the

Rules of Court, appen. I, emergency rule 10(a); . . . .)" (*State ex rel. Sills v. Gharib-Danesh* (2023) 88 Cal.App.5th 824, 840.)

4

court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.  [¶]  (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

The trial court denied appellant's motion for reconsideration.  Appellant filed a notice of appeal from the "Ruling on Submitted Matter Dismissing Action Under C.C.P. 583.310."  The trial court subsequently filed a signed judgment dismissing the action.

*We Construe the Appeal to Be*
*from the Judgment of Dismissal*

The unsigned minute order dismissing the action is not an appealable order.  "As Witkin clearly explains: 'In 1963, C.C.P. 581d was amended to state that all dismissals ordered by the court must be in the form of a written order, signed and filed, and that such orders when filed shall constitute judgments. [Citations.]  *The amendment makes a minute entry ineffectual and nonappealable; no appeal can be taken except from the order signed and filed.*  [Citations.]' [Citation.]" (*In re Marriage of Macfarlane & Lang* (1992) 8 Cal.App.4th 247, 253, fn. 4.)

Appellant "filed a premature notice of appeal from the nonappealable minute order [dismissing the action], but a signed judgment of dismissal was entered . . . after the minute order. We treat the notice of appeal as having been filed immediately after entry of judgment." (*Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 919, fn. omitted.)

5

*The Trial Court Did Not Abuse Its*
*Discretion In Dismissing the Action*

"'The question of impossibility, impracticability, or futility [within the meaning of section 583.340, subdivision (c)] is best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception. [Citation.] . . . The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. [Citations.]' [Citation.] Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*).)

"'"The critical factor in applying [the impossible, impracticable, or futile] exception[] to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case."'" (*Gaines*, *supra*, 62 Cal.4th at p. 1100.) "This duty of diligence applies 'at all stages of the proceedings,' and the level of diligence required increases as the five-year deadline approaches. [Citations.] The exercise of reasonable diligence includes a duty 'to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred.'" (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 336.)

Appellant has not carried her burden of showing that the trial court abused its discretion. For the reasons explained by the

trial court in its minute order dismissing the action (see the discussion, *ante*, at pp. 3-5), the court did not act arbitrarily or capriciously in concluding that appellant had failed to exercise reasonable diligence in prosecuting her action. On February 8, 2021, when the trial court continued the pretrial conference to November 2021 and said the "Jury Trial will not commence until after Thanksgiving," "[appellant] had a duty to bring to the trial court's attention the fact that the trial court set the trial for a date after expiration of the five-year period, and object.

Upon becoming aware of the impending expiration of the five-year period, the trial court in all likelihood would have given the case priority for the purpose of trying the case before the five-year period expired. [Appellant's] attorney failed to alert the trial court that the trial date was beyond the five-year mark of [June 1, 2021], and thus, in effect, [appellant] acquiesced in the court's setting the trial date beyond the five-year mark." (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 374 (*De Santiago*).)

"[Appellant] also had a duty to take whatever other measures were available to attempt to accelerate trial of the case before expiration of the five-year period, including bringing a motion to advance the trial. Even after the court set the case for trial beyond the five-year mark, there was ample time to move to advance the trial date pursuant to California Rules of Court, rule 3.1335." (*De Santiago, supra*, 155 Cal.App.4th at p. 374.)

"'"'Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability.' . . ." . . .'" (*De Santiago, supra*, 155 Cal.App.4th

7

at p. 375.) Appellant "simply acquiesced in the setting of a trial date beyond the five-year mark without securing a stipulation to extend the statutory period." (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1265.)

*Appellant Forfeited Contention that Trial Court Is*
*Estopped from Asserting that She Violated § 583.310*

Appellant contends, "[A] forceful argument can be made that the trial court, when it issued its [order that the parties submit briefs] on the issue of the 5-year dismissal statute, was acting as a 'party' and that the trial court's repeated and unsolicited orders 'vacating' confirmed pre-trial and trial dates (i.e., [the order of February 8, 2021, vacating the scheduled jury trial date of] February 22, 2021 . . .) ought to invoke the general rule that when a party seeks a continuance of trial, that party is ***estopped to assert limitation periods for bringing an action to trial***. [Citations.]" Appellant cites no authority and presents no meaningful legal analysis in support of this bizarre theory of estoppel. She has therefore forfeited the point.

"'A judgment or order of the lower court is *presumed correct*. . . . [E]rror must be affirmatively shown. . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived."' [Citation.] 'We are not bound to develop appellant['s] argument[ ] for [her]. . . .'" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

*Disposition*

The judgment is affirmed. Respondents shall recover their costs on appeal.

8

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

9

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____


Law Offices of Jeffrey D. Johnsen and Jeffrey D. Johnsen, for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith and Philip N. Blanco, Jeffry A. Miller, Ernest Slome; MacDonald & Cody and Gregory John Bramlage, for Defendant and Respondent Leslie Bittenson.

Opri & Associates and Debra A. Opri, for Defendant and Respondent, Mark Bittenson.

Duane Fowler, in propria persona, for Defendant and Respondent.