[No. E047454. Fourth Dist., Div. Two. Feb. 18, 2010.]

MICHAEL JORDAN et al., Plaintiffs and Appellants, v.
SUPERSTAR SANDCARS et al., Defendants and Respondents.

## COUNSEL

Law Offices of Derryl W. Crossman, Derryl W. Crossman; Law Office of Schlueter & Schlueter and Jon R. Schlueter for Plaintiffs and Appellants.

Quintilone & Associates, Richard E. Quintilone II; Goodman, Sheridan & Roff, Kevin J. Griffith and Dayna C. Carter for Defendants and Respondents.

## OPINION

**GAUT, J.**—Plaintiffs Michael Jordan and Mohammed Baghalzadeh (plaintiffs) appeal from a judgment dismissing their action against defendants Superstar Sandcars, Mark Martin, Ariel Verna, and Frank Yegge (defendants) for failure to bring the action to trial within five years. (Code Civ. Proc., §§ 583.310, 583.360.)[1] Plaintiffs contend the five-year period was tolled during two six-week periods, during which there was a moratorium on civil trials in the Riverside County Superior Court. Plaintiffs also argue the five-year period was tolled during a de facto moratorium on all but priority cases.

We conclude the trial court did not abuse its discretion in dismissing the case based on plaintiffs' failure to try the case within five years. The judgment of dismissal is affirmed.

---

[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

## 1. Facts and Procedural Background

On June 6, 2003, plaintiffs filed a complaint against defendants Superstar Sandcars, Mark Martin, and Ariel Verna for breach of contract, fraud, breach of warranties, and negligent repair, in connection with the sale of allegedly defective dune buggies. In September 2006, plaintiffs amended their complaint to add Frank Yegge as a defendant.

Defendants filed numerous demurrers and motions to strike, and plaintiffs filed three amended complaints. The third amended complaint was filed in January 2008.

On January 22, 2008, the trial court held a case management conference. The trial court noted a trial date had not been set but a trial status conference (TSC) was set for February 8, 2008. The court also noted that new courtrooms were available for trying civil cases.

On February 8, defense counsel appeared at the TSC. Plaintiffs' attorney was unavailable. The court erroneously assumed that the only defendant remaining in the action was Yegge. The court noted the five-year period to try the case would run in June and asked if the case should be set for trial. Defense counsel responded, "Absolutely." When the court asked when the trial should be set, defense counsel referred the court to his declaration stating his trial schedule. The trial court said it had not received it. Defense counsel stated he did not have his calendar with him but knew he was available any time after September. The trial court decided to postpone setting the trial at the February hearing and continued the TSC to March 7, 2008.

There is no reporter's transcript of the March 7 TSC, other than a statement that the court continued the TSC to June 13, 2008. There is also no minute order of the hearing in the record.

On May 23, 2008, the trial court overruled Yegge's demurrer to the third amended complaint and denied his motion to strike. During the hearing, plaintiffs requested the trial court to continue the June 13, 2008 TSC a couple of months. The trial court accordingly continued the TSC to August 21.

On June 20, 2008, Yegge answered the third amended complaint.

On August 6, 2008, defendants filed a motion to dismiss plaintiffs' complaint for failure to prosecute the case within five years. Plaintiffs filed opposition, arguing that it had been impractical and impossible to try the case within the five-year period due to court congestion and the two moratoriums on civil trials in 2004 and 2005.

At the TSC hearing on August 21, defense counsel objected to setting the case for trial because defendants had filed a motion to dismiss. The court stated the motion was not before it and therefore set the trial for December 1, 2008.

On October 23, 2008, the trial court heard and granted defendants' motion to dismiss, finding the five-year period to try the case was not tolled.

### 2. Failure to Prosecute Case Within Five Years

Plaintiffs contend the trial court erred in dismissing their case. Although plaintiffs acknowledge the case was not brought to trial within five years as required under section 583.310, they assert the five-year period was tolled for at least 12 weeks due to the trial court twice imposing a moratorium on civil trials. Plaintiffs also argue there was an ongoing de facto moratorium on all but priority cases.

The five-year dismissal statute, section 583.310, states: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360 states: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

▉ Exceptions to mandatory dismissal include: "(1) written stipulations or oral agreements made in open court extending the five-year time period; (2) exclusion from the computation of the five years any time period during which the jurisdiction of the court was suspended or the prosecution of the action was stayed; and (3) bringing the action to trial was impossible, impracticable, or futile. (§§ 583.330, subds. (a), (b), 583.340, subds. (a–c).)" (*Moss v. Stockdale, Peckham & Werner* (1996) 47 Cal.App.4th 494, 501 [54 Cal.Rptr.2d 805].) The third exception is at issue in this case.

▉ In determining whether the exception applies, the trial court must consider " 'all the circumstances of a particular case, including the conduct of the parties and the nature of the proceedings. The critical factor is whether the plaintiff exercised reasonable diligence in prosecuting its case. [Citation.] The statute must be liberally construed, consistent with the policy favoring trial on the merits.' [Citation.] 'Reasonable diligence places on a plaintiff the affirmative duty to make every reasonable effort to bring a case to trial within five years, even during the last month of its statutory life. [Citation.] [¶] Time consumed by the delay caused by ordinary incidents of proceedings, like

disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions. [Citation.]' " (*Moss v. Stockdale, Peckham & Werner, supra,* 47 Cal.App.4th at p. 502.)

In reviewing whether an exception to mandatory dismissal under section 583.310 applies, this court must determine whether the trial court abused its discretion in dismissing the action. "The determination 'of whether the prosecution of an action was indeed impossible, impracticable, or futile during any period of time, and hence, the determination of whether the impossibility exception to the five-year statute applies, is a matter within the trial court's discretion. Such determination will not be disturbed on appeal unless an abuse of discretion is shown. [Citations.]' [Citation.]" (*Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1271 [135 Cal.Rptr.2d 869].)

Plaintiffs argue the five-year period was tolled because it was legally impossible for them to bring this action to trial due to the following two circumstances: "(1) when the Riverside Superior Court declared an official moratorium on all civil trials; and [¶] (2) when the civil department had a de facto moratorium on all but priority cases, and was in fact trying only 20 or so civil cases per year." In support of this contention, plaintiffs request this court to notice judicially 22 documents which show that the Riverside County Superior Court imposed moratoriums on all civil trials for six-week periods in 2004 and 2005.[2] Plaintiffs acknowledge the moratorium periods in 2004 and 2005 are remote in time relative to the five-year statutory cutoff on June 6, 2008.

While the two court-declared moratoriums on civil trials prevented civil cases from being tried, these moratoriums did not prevent or interfere with plaintiffs' prosecuting their case. It is apparent from the record that plaintiffs were not ready for trial at the time of the moratoriums. Therefore, as to the instant case, the two moratoriums did not make it "impossible, impracticable, or futile" to bring the action to trial. (§ 583.340, subd. (c).)

With regard to the alleged de facto moratorium during the final year within which plaintiffs were required to bring their case to trial, from June 2007 to

---

[2] Plaintiffs' request for judicial notice is denied. Plaintiffs request this court to notice judicially under Evidence Code section 452, subdivisions (c), (d), and (h), 22 documents, which include press releases and news articles, relating to the backlog of cases, shortage of judges and courtrooms, and the imposition of moratoriums on trying civil cases. Judicial notice is denied on the grounds the documents contain facts that are subject to dispute; the documents declaring legislative, official or judicial acts are not signed, dated, executed or certified; and the information was not before the trial court at the time it ruled on the motion to dismiss.

June 2008, it is well established that few civil cases were being tried due to the backlog in cases. Nevertheless, the record demonstrates that cases approaching the five-year cutoff were being tried. In January 2008, three additional courtrooms were added for trying civil cases, in addition to Judge Gary B. Tranbarger's courtroom.

Plaintiffs failed to establish that, had they been reasonably diligent and requested their case be tried before the five-year period ran on June 6, 2008, their case would not have been tried.

Furthermore, the record shows that plaintiffs were not reasonably diligent in bringing the case to trial within five years. There were hearings in the case in January, February, March, April, and May 2008, during which plaintiffs could have requested that the matter be tried before June 6, 2008, due to the impending expiration of the five-year period. Plaintiffs failed to do so, and also did not file a motion for a priority trial setting.

█ A plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred. This obligation of diligence increases as the five-year deadline approaches. (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1286 [279 Cal.Rptr. 488]; see also *Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 336 [54 Cal.Rptr.3d 175].) █ Here, plaintiffs took no steps to set the case for trial before the expiration of the five-year period on June 6, 2008.

Under such circumstances, we conclude the trial court did not abuse its discretion in dismissing plaintiffs' action based on the finding that plaintiffs failed to establish that bringing the action to trial was "impossible, impracticable, or futile." (§ 583.340, subd. (c).)

### 3. Equitable Estoppel

Plaintiffs contend defendants are estopped from relying on the five-year dismissal statute, section 583.310, because counsel for defendants submitted a declaration stating he was not available for trial until after September 2008, leading plaintiffs to believe defendants did not object to trying the case after the five-year trial deadline of June 6, 2008.

█ Equitable estoppel can be found only when (1) the party to be estopped was aware of the true facts; (2) that party either intended that its act or omission be acted upon, or so acted that the party asserting estoppel has a right to believe it was intended; (3) the party asserting estoppel was unaware of the true facts; and (4) the party asserting estoppel relied on the other

party's conduct to its detriment. (*Lusardi Construction Co. v. Aubry* (1992) 1 Cal.4th 976, 994 [4 Cal.Rptr.2d 837, 824 P.2d 643].)

Here, the trial court appropriately rejected the doctrine of equitable estoppel since plaintiffs were aware the five-year trial period ran on June 6, 2008, and it was not reasonable to assume defendants were willing to waive the deadline. Defense counsel was obligated to tell the court when he was unavailable for trial. The fact that defense counsel's notice of unavailability extended beyond the five-year cutoff date did not constitute any misrepresentation or waiver of the five-year period. Any ambiguity or confusion created by defense counsel mentioning his unavailability beyond the cutoff date could have been clarified by plaintiffs' counsel, who was responsible for ensuring the case was tried before the five-year period expired.

Plaintiffs have shown no conduct on the part of defendants that would have lulled plaintiffs into a reasonable false sense of security. Since the evidence supports the finding of the trial court, we must accept its determination that the doctrine of equitable estoppel did not apply in this case.

## 4.   Disposition

The judgment is affirmed. Defendants are awarded their costs on appeal.

Hollenhorst, Acting P. J., and Richli, J., concurred.