Filed 6/30/21  Black v. Fireman's Fund Insurance Co. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| DOMINIQUE BLACK,<br><br>      Cross-complainant and<br>      Appellant,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE<br>COMPANY,<br><br>      Cross-defendant and<br>      Respondent. | A161284<br><br>(San Mateo County<br>Super. Ct. No. CIV511997) |

Appellant Dominique Black, appearing in propria persona, appeals from an order dismissing his cross-complaint against Fireman's Fund Insurance Company (Fireman's Fund).  We affirm.

I.
BACKGROUND

This is the third opinion we have issued in this case.  In the first opinion, we explained the origins of the parties' dispute:  "Dominique Black submitted a claim to his insurer, Fireman's Fund . . . .  The claim was initially denied and, over the next couple of years, Black communicated with company representatives through letters, emails, and telephone conversations.  In these communications, Black complained, often in vitriolic terms, that Fireman's Fund handled his claim improperly, engaged in illegal

1

activities, and had ties to the Nazi regime in Germany. [¶] Fireman's Fund sued Black alleging that his communications amounted to civil extortion, interference with contractual relations, interference with prospective economic advantage, and unfair business practices." (*Fireman's Fund Insurance Company v. Black* (Nov. 6, 2014, A136603) [nonpub. opn.] (*Black I*).)

*Black I* arose from an appeal of an order denying Black's special motion to strike under Code of Civil Procedure section 425.16.[1] We affirmed the order, concluding that "Fireman's Fund's claims have at least minimal legal merit under the facts established thus far in the proceedings." We otherwise took "no position on the strength of these claims." (*Black I*, *supra*, A136603.)

Although *Black I* was resolved in favor of Fireman's Fund, the company nevertheless dismissed its complaint without prejudice. The case did not end, however, because Black filed a cross-complaint against Fireman's Fund asserting various claims, including insurance bad faith. The cross-complaint was filed on January 26, 2015, and litigation on it proceeded.

During the discovery period, Fireman's Fund served at least three notices to depose Black's proposed expert, but the depositions were all rescheduled multiple times at Black's request. (*Black v Fireman's Fund Insurance Company* (Apr. 23, 2020, A155428) [nonpub. opn.] (*Black II*).) Eventually, the trial court ruled that "[t]here [was] no excuse for further delay" and ordered Black to produce the expert by July 20, 2018. (*Ibid.*) On July 20, Black filed a request to extend the expert discovery period, and the court denied it. (*Ibid.*) Two weeks later, Black filed yet another request to extend the expert discovery period and to "allow a further expert designation." (*Ibid.*) The court again denied the request, this time

---

[1] All subsequent statutory citations are to the Code of Civil Procedure.

emphasizing that Black "had plenty of opportunity, plenty of notice, plenty of time when he could [have] handle[d] this and take[n] care of" designating an expert and making the expert available for a deposition. (*Ibid.*) The court also awarded $7,862.50 to Fireman's Fund as sanctions, a ruling we affirmed in *Black II.* (*Ibid.*)

On January 29, 2020, a year and a half after the trial court had denied Black's request to extend the expert discovery period, Fireman's Fund moved to dismiss the cross-complaint on the basis that Black had not brought the case to trial within five years as required by section 583.310. Black, who was then represented by counsel, opposed the motion. The court granted the motion, finding that "[i]t was not impossible, impracticable, or futile [for Black to have brought] the matter to trial within the five[-]year statutory period." Accordingly, judgment on the cross-complaint was entered in favor of Fireman's Fund.

## II.
### DISCUSSION

### A.    *The Standards of Review*

"Section 583.310 provides, 'An action shall be brought to trial within five years after the action is commenced against the defendant.' In computing the five-year period within which an action must be brought to trial, however, 'there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile.' (§ 583.340.)" (*Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 793 (*Martinez*).)

"Dismissal is mandatory if the requirements of section 583.310 are not met and an exception provided by statute does not apply." (*Martinez, supra,*

26 Cal.App.5th at p. 793.) "The plaintiff bears the burden of proving the circumstances justifying application of section 583.340, subdivision (c)'s exception for impossibility, impracticability[,] or futility." (*Id.* at p. 794.)

"We review for an abuse of discretion the trial court's determination not to exclude periods during which plaintiffs contend it was impossible, impracticable[,] or futile to bring the action to trial within the meaning of section 583.340, subdivision (c)." (*Martinez, supra,* 26 Cal.App.5th at p. 794.) "The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance,' " and the "decision will be upheld unless the plaintiff has proved that the trial court abused its discretion." (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731 (*Bruns*).) The burden of showing reversible error by an adequate record falls on the party challenging the judgment or order. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "[T]he reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent." (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.)

B.    *Black Has Forfeited Many of His Appellate Arguments.*

Many of Black's arguments are presented for the first time on appeal. Generally, a party's failure register a proper and timely objection to a ruling or proceeding in the trial court forfeits the issue on appeal. (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602; see *In re S.B.* (2004) 32 Cal.4th 1287, 1293; *Ochoa v. Pacific Gas & Electric Co.* (1998)

4

61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted below are waived and will not be considered for the first time on appeal"].)

" 'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources 'to address purported errors which could have been rectified in the trial court had an objection been made.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)

These principles compel us to conclude that Black forfeited the arguments he raises for the first time on appeal. These include his claims that section 583.310 is unconstitutional under the federal and state constitutions. More specifically, they include his arguments that the statute, either on its face or as applied to him, violated his rights to due process, is vague and overbroad, failed to provide adequate notice, and violated "his vested right to trial." (Some capitalization altered.) Although we could exercise our discretion to excuse the forfeiture, we decline to do so. (See *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754.)

    C.    *The Trial Court Did Not Abuse Its Discretion in Dismissing the Case.*

As we have said, the trial court granted Fireman's Fund's motion to dismiss the case after finding, under section 583.310, subdivision (c), that "[i]t was not impossible, impracticable, or futile [for Black to have brought] the matter to trial within the five[-]year statutory period." In his opening brief, Black argues that he was justified in not bringing his case to trial because of "lapses of the Court officers," i.e., his and Fireman's Fund's attorneys, and because the "dismissal violates the public policy favoring trial

5

on the merits." We are not persuaded, as Black has failed to satisfy his appellate burden of showing that the court's ruling constituted an abuse of discretion.[2]

Black points to a series of troubles he faced while litigating this case. According to him, an attorney who was then representing him had a mother with health problems, had his own health problems, refused to return Black's file, had a conflict of interest, breached his fiduciary duties to Black, and delayed returning Black's file, which—when eventually returned—was "scrambled and disorderly" and included pages that were altered with Bates stamp numbers. He argues that his prior attorney's actions caused him a 21-month delay in prosecuting the case and that "this period should not be counted against" him.

Even assuming that the former attorney's actions made it more difficult for Black to prosecute his case during this 21-month period, we cannot conclude that the trial court abused its discretion in ruling that Black had not shown sufficient justification to avoid the application of section 583.310's five-year period. The court was not obligated, as Black seems to suggest, to find that during this period he was unable to continue to litigate his case and that, as a result, it was impossible, impracticable, or futile for him to have brought his case to trial within five years.

"Under 583.340[, subdivision ](c), the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying

[2] Black asserts that a portion of the five-year period was stayed by the trial court within the meaning of section 583.310, subdivision (c). Fireman's Fund denies that any such stay was entered, and Black provides no citation to the record to validate his assertion.

6

these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting [the] case.' [Citations.] A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. [Citation.] ' "[E]very period of time during which the plaintiff does not have it within [the plaintiff's] power to bring the case to trial is not to be excluded in making the computation." [Citation.]' [Citation.] 'Time consumed by the delay caused by ordinary incidents of proceedings . . . are not within the contemplation of these exceptions.' [Citation.] Determining whether the subdivision (c) exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.' [Citation.] ' "[I]mpracticability and futility" involve a determination of " '*excessive* and *unreasonable* difficulty or expense,' " in light of all the circumstances of the particular case.' " (*Bruns*, *supra*, 51 Cal.4th at pp. 730–731.)

We find no abuse of discretion in the determination that it was not impossible, impracticable, or futile for Black to have brought his cross-complaint to trial within five years. When the trial court considered Fireman's Fund's motion to dismiss the case under section 583.310, it had already found—in a ruling we affirmed in *Black II*—that Black had not been diligent in satisfying discovery obligations and had failed to establish a legitimate basis to extend the discovery period. (*Black II*, *supra*, A155428.) Thus, the court had already determined, and we had affirmed, that Black was at least partially responsible for delays in prosecuting his cross-complaint. (See *Bruns*, *supra*, 51 Cal.4th at p. 731 [diligence required " 'at all stages of the proceedings' "]; *Jordan v. Superstar Sandcars* (2010)

7

182 Cal.App.4th 1416, 1420 [diligence required " ' "even during the last month" ' " before statutory deadline].)  While we recognize that the policy favoring trial on the merits requires courts to liberally construe section 583.310, we cannot say that, under the circumstances of this case, the court lacked discretion to dismiss Black's cross-complaint.

Finally, we reject Black's remaining arguments that his former attorney or the attorney for Fireman's Fund "committed fraud on the court and [him]" by working "together to effectively deny [him] his constitutional right to damages," that the judgment was "obtained by fraud," and that the dismissal was improper because "one trial judge [may not] impliedly overrule a ruling of another trial judge."  We reject these arguments if for no other reason than that they are conclusory, not adequately developed, and not supported by legal analysis and citations to the record.  An appellant must do more than merely assert that the appealed order is erroneous, leaving the reviewing court to figure out why.  It is neither our role nor our responsibility to comb through the record to construct theories or arguments that might raise legitimate questions about the validity of the order being appealed. (See, e.g., *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

### III.
#### DISPOSITION

The judgment is affirmed.  Fireman's Fund is awarded its costs on appeal.

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Banke, J.


*Black v. Fireman's Fund Insurance Company*  A161284


9