Filed 11/15/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JACK OSWALD, Individually and as Trustee, etc., et al., | |
|     Plaintiffs and Appellants, | A165272 <br> A165921 |
| v. | |
| LANDMARK BUILDERS, INC., et al., | (Sonoma County <br> Super. Ct. No. SCV259044) |
|     Defendants and Respondents. | |

In this complex construction defect case, plaintiffs appeal several orders of dismissal in favor of certain defendants for failure to timely bring the action to trial within the mandatory time frame established by Code of Civil Procedure section 583.310[1] and Judicial Council Emergency Rule 10 (Cal. Rules of Court, appen. 1, Emergency rule (10); "Rule 10"). Finding no abuse of discretion in the trial court's determination that plaintiffs failed to prosecute the action with reasonable diligence, we affirm.

### BACKGROUND

On June 28, 2016, Jack Oswald and Anne E. Seley, individually and as trustees of the Oswald-Seley Revocable Trust, filed a complaint against defendants (general contractor and subcontractors) based upon alleged

---

[1]     All further statutory references are to the Code of Civil Procedure.

1

construction defects in their custom home. Answers and cross-complaints ensued. In February 2017, the trial court deemed the litigation complex and appointed a discovery special master.

The statutory deadline for plaintiffs to commence trial was December 28, 2021. No trial ever occurred as the trial court determined that plaintiffs showed no reasonable diligence in the prosecution of their action and granted motions for mandatory dismissal brought pursuant to section 583.310.

## *Trial Continuances*

At a June 2018 case management conference, plaintiffs requested a trial in approximately one year's time. The court set the first trial date for July 8, 2019, a date just over three years from the filing of the complaint. At the end of 2018, the court issued a detailed pretrial order, including that the parties meet within 30 days regarding plaintiffs' (lack of) compliance with a prior pretrial order regarding discovery, and continued the trial date to December 6, 2019.

In March 2019, the court issued another pretrial order with new discovery deadlines including deadlines for a site inspection and settlement demands: "The court infers from the setting of new compliance dates throughout the litigation that the prior ones were not met." As a result of those deadlines not being met, in June 2019, the court issued further discovery orders and reset the trial date to April 24, 2020. Yet another discovery order issued in August 2019 (eight months before trial), including that depositions of plaintiff Jack Oswald and his business partner were to be set " 'immediately' " and " 'as soon as possible' " and specifying dates for expert depositions. Plaintiffs unsuccessfully moved to stay the depositions on the basis that they did not want to incur discovery costs prior to mediation.

As the court noted in its denial of the motion to stay, "[p]laintiffs chose to file this action and as such must be prepared to bear the expense of litigation."

Because of ongoing discovery delay, in late November 2019 the court vacated the April 24, 2020 trial date and reset it to November 6, 2020. Therefore, prior to the inception of the COVID-19 pandemic and any related court closures, plaintiffs had a trial date of November 6, 2020, a date approximately four and one-half years after the filing of the complaint.

On March 16, 2020, the Sonoma County Superior Court civil courtrooms closed due to the COVID-19 pandemic. At that time, the action had been pending for almost four years, discovery was ongoing, and plaintiffs had a trial date of November 6, 2000. In May 2020, civil courtrooms reopened with all proceedings via remote appearance. In June 2020, a notice of trial was issued to the parties confirming the trial date of November 6, 2020.

In July 2020, at the recommendation of the discovery special master and with the agreement of counsel, the trial court issued several pre-trial orders scheduling witness depositions and site inspections and reset the trial date to March 19, 2021. In November 2020, the court issued a seventh pre-trial order again setting a schedule for depositions and making it clear that depositions could be conducted by remote virtual platforms (i.e., Zoom). That same month, and again at the recommendation of the discovery special master and with the agreement of counsel, trial was reset to July 23, 2021.

Over four months before the July 2021 trial date, on March 1, 2021, plaintiffs requested a trial continuance from July 23 to December 17, 2021 or " 'the earliest date thereafter' " acceptable to the court. The motion noted the statutory deadline for commencing trial was December 28, 2021, and that certain defendants would *not* stipulate to an extension of the statutory

deadline. While there was no motion for tolling of the statutory deadline, plaintiffs asserted a continuance was warranted because it was not clear when courtrooms would open for in-person civil jury trials. Plaintiffs also asked the court to "waive" the statutory deadline to bring the action to trial "on its own motion" if the court could not accommodate the December 17 trial date, citing no authority for the court to do so.

The court issued a tentative ruling setting a January 28, 2022 trial date as December 17, 2021 was not available. The tentative ruling did not in any way address the statutory deadline for commencing trial. Despite counsel making no request to appear, a hearing took place on April 9, 2021 and the court heard argument. At the April 9 hearing, plaintiffs' counsel raised no objection to a January 2022 trial date. The tentative ruling became the ruling of the court.

On July 1, 2021, the civil trial departments reopened for in-person trials. Plaintiffs did not seek to advance the trial date even after civil courtrooms had completely reopened. Nor did plaintiffs ever request a rehearing or modification of the order setting a trial date of January 28, 2022.

On December 15, 2021, plaintiffs filed a motion to stay or continue the January 28, 2022 trial date due to incomplete discovery. At the time the motion was heard on January 12, 2022, plaintiffs had not completed their depositions, plaintiffs' expert witnesses had not been deposed, and no new dates for depositions were then pending. The trial court granted plaintiffs' request to continue and re-set the trial to April 22, 2022 (eighth trial date), aware the below discussed motions to dismiss would be heard in the interim.

***Action Dismissed Pursuant to Section 583.310***

4

As described, there were seven trial continuances "either requested or caused by plaintiffs" – in December 2018, June 2019, November 2019, July 2020, November 2020, April 2021, and January 2022 – that placed the final trial date well beyond the December 28, 2021 deadline. In December 2021 and January 2022, several defendants filed motions for mandatory dismissal under section 583.310 due to plaintiffs' failure to timely bring the case to trial. A hearing took place on March 11, 2022. By that time, "[l]ast minute discovery under a compressed schedule that should have been done months if not years ago [was] being attempted and trial [was] set for five years and ten months after the action was filed."

The court issued a detailed and comprehensive order granting dismissal that was first provided to the parties in the form of a tentative ruling. The tentative ruling reviewed all COVID-19 pandemic related orders (including why orders temporarily shuttering the Sonoma County courtrooms did not impact the action) and the entire history of the case (including numerous examples of plaintiffs' dilatory prosecution of their action). It also explained the court's rationale for finding plaintiffs had not met their burden of showing "a circumstance of impracticability as a result of Covid-19, nor that any delay was causally connected to such circumstance nor that they exercised reasonable diligence in prosecuting their action." While some of the moving defendants also sought discretionary dismissal under sections 583.410 and 583.420, the court did not rule on those requests, presumably because it ordered mandatory dismissal under section 583.310.

5

Following the issuance of orders of dismissal,[2] plaintiffs appealed.[3]

## DISCUSSION

### I. Applicable Law and Standard of Review

An action must be brought to trial within five years (§ 583.310) or it shall be dismissed (§ 583.360, subds. (a), (b)). Due to the COVID-19 pandemic, the Judicial Council of California enacted Rule 10, which provides in subdivision (a): "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total of five years and six months." Hence, the deadline for trial to commence was December 28, 2021.

In computing the time within which an action must be brought to trial, courts must exclude the time during which bringing the action to trial was impossible, impracticable, or futile despite a plaintiff's reasonable diligence. (§ 583.340(c); *Bruns v. E-Commerce Exchange Inc.* (2011) 51 Cal.4th 717, 730

---

[2] The following dismissal orders were entered: March 18, 2022 (in favor of Stewart-McAlvain Construction Corporation dba Landmark Builders, erroneously sued as Landmark Builders, Inc.); March 18, 2022 (in favor of Pacific Plastering, Inc.); March 30, 2022 (in favor of Serrano Stone & Plaster, Inc.); April 15, 2022 (in favor of AAA Energy Systems, Inc.); June 28, 2022 (in favor of Sweet Water Plumbing); June 28, 2022 (in favor of Window Express, Inc.); two orders dated July 18, 2022 (in favor of C&M Management, Inc. dba Bluestone Pool & Landscape); and July 28, 2022 (in favor of North Coast Waterproofing, Inc.). The motion to dismiss filed by Panda Windows & Doors, LLC, was denied without prejudice due to being untimely.

[3] Defendant AAA Energy Systems, Inc. ("AAA") filed a request for judicial notice (RJN). We deny the request as the documents and facts for which notice is sought are not necessary to resolve this appeal. (*Guerrero v. Pacific Gas & Electric Co.* (2014) 230 Cal.App.4th 567, 577.) We have not considered those portions of AAA's brief that refer to the RJN's documents and facts.

6

(*Bruns*) [trial court must determine what is impossible or impracticable after considering all the circumstances].) Case law has long held that for the tolling provision of section 583.340(c) to apply, there must be " ' "a period of impossibility, impracticability or futility, *over which plaintiff had no control*," ' because the statute is designed to prevent *avoidable* delay." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1102 (*Gaines*); see *Seto v. Szeto* (2022) 86 Cal.App.5th 76, 97 ["a plaintiff's diligence can be relevant to the determination of whether a circumstance truly made it impossible, impracticable, or futile to bring the action to trial by using a reasonably diligent plaintiff as a benchmark"].)

As the question of impossibility, impracticability, or futility is ultimately a question of fact, it is "best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception." (*Bruns, supra*, 51 Cal.4th at p. 731.) The trial court must determine whether a plaintiff has shown a circumstance of impossibility, impracticability, or futility; a causal connection between that circumstance and failing to move the case to trial; and reasonable diligence in moving the case to trial at all stages of the proceedings. (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328, 336 (*Tamburina*) [reasonable diligence requires a plaintiff to carefully monitor its case at all stages of the proceeding].)

In sum, the trial court has the discretion to determine whether to exclude time pursuant to section 583.340(c) on the basis that bringing the action to trial was impossible, impracticable, or futile, and its decision will be upheld unless arbitrary or capricious. (*Bruns, supra*, 51 Cal.4th at p. 731.)

## II. No Abuse of Discretion in Dismissal for Failure to Prosecute

Plaintiffs contend the trial court erred in dismissing the action because it should have automatically tolled two time periods without consideration of plaintiffs' readiness for trial: (1) approximately 16 months of courtroom closure (March 16, 2020 to July 1, 2021) related to the COVID-19 pandemic[4]; and (2) 42 days between the requested new trial date of December 17, 2021 and January 28, 2022, the date it was set.

Plaintiffs are wrong. The unavailability of courtrooms for trial does not automatically lead to a finding of an impossible or impractical circumstance under section 583.340(c). Rather, the trial court is tasked with determining the extent to which the unavailability of courtrooms for trial interfered with a plaintiff's ability to " 'mov[e] the case to trial' during the relevant period[s]." (*Gaines*, *supra*, 62 Cal.4th at p. 1101, quoting *De Santiago v. D & G Plumbing Inc.* (2007) 155 Cal.App.4th 365, 371 (*De Santiago*) and citing *Tamburina*, *supra*, 147 Cal.App.4th at p. 335.) We conclude the trial court here acted well within its discretion in determining that the courtroom closure and trial continuance at issue did not make it illegally impossible or impractical for plaintiffs to commence trial in a timely fashion. Rather, plaintiffs' failure to timely commence trial was due to a lack of reasonable diligence, i.e., they were never ready for trial during the relevant periods. (See *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416 [tolling

---

[4]    Plaintiffs also contend the trial court erred in its statement that the six-month extension created by Rule 10 "is sufficient to address any delay attributable to Covid-19." Plaintiffs fail to present any argument as to how they were prejudiced by this aspect of the ruling and, accordingly, the issue is forfeited. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) We note that the court's comment, made in the context of clear findings that plaintiffs' failure to complete discovery and ready the case for trial was not due to COVID-19 related delays, would not be a basis for reversal.

under dismissal statute (§§ 583.310, 583.340(c)) not required where court-declared moratoriums on civil trials did not prevent or interfere with prosecution of case as plaintiffs were never ready for trial at time of moratoriums].)

We will not accept plaintiffs' repeated invitation to adopt the absurd rule that time to commence trial is tolled under section 583.340(c) whenever a courtroom is not available for trial *without consideration of a plaintiff's readiness for trial.*

### A.   No Showing That Period of Courtroom Closure Was a Circumstance of Impossibility or Impracticability Under Section 583.340(c)

As described above and as set forth in extensive detail by the trial court in its dismissal order, the record is replete with evidence supporting the court's finding that the 16 months of courtroom closure was not a circumstance of impossibility or impracticability under section 583.340(c) as plaintiffs were never ready for trial during those months.[5]

In addition, the record reflects that plaintiffs were not precluded from moving the litigation forward during the courtroom closure. Although pretrial discovery was available through "virtual platforms such as Blue Jeans and Zoom, and emergency rules allowing remote depositions," during the relevant period plaintiffs made no progress in producing their expert witnesses for deposition, and they had "not even done the simplest, most readily available task" of completing their own depositions. Under these

---

[5]   The cases relied on by plaintiffs are factually distinguishable and do not support their argument that the statutory deadline should have been tolled for 16 months for courtroom closure even though they had no need for a courtroom as they were not ready for trial.

circumstances, the court found not only a lack of reasonable diligence, but "active malingering."

Accordingly, we uphold the trial court's rejection of the request to toll the time courtrooms were closed for in-person civil jury trials due to the COVID-19 pandemic as it was not a circumstance of impossibility or impracticability under section 583.340(c).

**B.      No Showing That Period Between December 17, 2021 and January 28, 2022 Was a Circumstance of Impossibility or Impracticability Under Section 583.340(c)**

Plaintiffs also contend the trial court should have found a condition of impossibility or impracticability under section 538.340(c) existed for the 42 days between December 17, 2021 (date they requested for trial) and January 28, 2022 (date trial was set).  As plaintiffs failed to object to the setting of a trial date after the statutory deadline, never sought to modify the trial setting order, and never sought to advance the trial date even after civil courtrooms were fully open for trial, we disagree.

Our Supreme Court has admonished that " '[a] plaintiff has an obligation to monitor the case in the trial court, to keep track of relevant dates, and to determine whether any filing, scheduling, or calendaring errors have occurred,' " and if a trial court does not take any action, "to seek an order from the trial court . . . rescheduling the trial date."  (*Gaines*, *supra*, 62 Cal.4th at p. 1104.)  Again, it was plaintiffs' responsibility to diligently prosecute their action and, again, they failed to do so.  They did not obtain a timely trial date and have made no showing that they could not have requested a trial date earlier than December 17, a request that could have readily been made at the hearing on the motion to continue trial or via a later motion to advance or specially set the trial date.

10

Plaintiffs' argument that the continuance was granted on the court's own motion due to courtroom unavailability is unavailing. The April 2021 order says nothing about tolling the statutory deadline for plaintiffs to bring their case to trial let alone anything about the court's "own motion." Instead, the order recites only that the trial continuance to January 28, 2022 was granted on the plaintiffs' request, for good cause shown.[6]

Nor are we persuaded by plaintiffs' argument that they were not required to object to the trial court's re-setting of the trial to January 28, 2022 because their motion alerted the court to the deadline for trial and a later date would be acceptable "only if the five-year rule was waived." Plaintiffs cannot foist onto the court their responsibility to timely bring their case to trial. That obligation lies *solely* on plaintiffs, who bore the responsibility to identify any problems concerning the scheduling of the trial and seek an order rescheduling the trial date to a date within the allotted five-and-one-half years. (*Gaines*, *supra*, 62 Cal.4th at p. 1104, quoting *Jordan*, *supra,* 182 Cal.App.4th at p. 1422.) Counsel did not ask for an earlier date on the motion to continue the trial date, never did so thereafter, and has made no showing that doing so would have been futile. (*De Santiago*, *supra*, 155 Cal.App.4th at 374 [finding plaintiff had a duty to take whatever "measures were available to attempt to accelerate the trial of the case before the expiration of the five-year period, including bringing a motion to advance the trial"].)

---

[6] Insofar as plaintiffs rely on the trial court's tentative ruling or minute order, we disregard those arguments. (See *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300; *In re Marcus* (2006) 138 Cal.App.4th 1009, 1016.)

The cases cited by plaintiffs do not warrant a different outcome. In *Chin v. Meier* (1991) 235 Cal.App.3d 1473, the court held that tolling is required for courtroom unavailability when "both sides announce 'ready' and no courtroom is available." (*Id.* at p. 1478; see *Hartman v. Santamarina* (1982) 30 Cal.3d 762, 766 [if a plaintiff has obtained a timely trial date and is prevented from going to trial because no courtroom is open, the delay is " 'on the house' "].) Plaintiffs never announced they were ready for trial, likely because they never were close to being ready for trial. On appeal, plaintiffs do not address their readiness for trial and instead merely repeat they were automatically entitled to tolling when the court "re-set" trial for January 28 and they were not required to object to the setting of that date.

Plaintiffs' reliance on *Coe v. City of Los Angeles* (1994) 24 Cal.App.4th 88 (*Coe*) is also misplaced. In *Coe*, the court found the trial court abused its discretion in dismissing the action for failure to prosecute: "[W]e find that appellants' counsel did everything within his power to bring the matter to trial prior to the running of the five-year statute. Despite the fact that counsel failed to appear at the calendar call on the morning of March 16, 1992, we find no good reason for the court to have knowingly continued the matter to a date beyond the five-year statute and then to have denied counsel's two ex-parte applications for relief." (*Id.* at p. 92.) The *Coe* court went on to hold that it appeared that despite plaintiffs having "wasted no time in prosecuting" the matter, the trial court had intentionally set the trial beyond the five year date without counsel present and then denied requests for an earlier trial date. (*Id.* at pp. 91–93.)

Hence, *Coe* applied the core principle that plaintiffs have a continuing duty to take measures that are available "to accelerate trial of the case before [the deadline] . . ., including bringing a motion to advance the trial." (*De*

12

*Santiago*, *supra*, 155 Cal.App.4th at p. 374.) Unlike in *Coe*, plaintiffs here not only failed to demonstrate reasonable diligence in prosecuting their action but evidenced "active malingering" in prosecuting the action. In addition, and again unlike *Coe*, the trial court did not act on its own motion and in the absence of counsel in continuing the action beyond the deadline for commencement of trial. And the trial court did not fail to respond to applications for relief after the trial date was set as plaintiffs made no such applications.

Accordingly, we uphold the trial court's rejection of the request to toll the period between December 17, 2021 and January 28, 2022 on the basis that it was not a circumstance of impossibility or impracticability under section 583.340(c).

## III. Conclusion

We recognize the COVID-19 pandemic has been an extraordinary event impacting every facet of society including the legal profession and the courts. However, the pandemic did not obviate the need for plaintiffs to pursue their action with some real degree of diligence. Because we see no abuse of discretion in the court's ruling finding no such diligence, we affirm the orders of dismissal. "Our holding affords due deference to the trial court's unique ability to determine, based on all the facts before it," that plaintiffs did not show circumstances of impossibility or impracticability requiring tolling under section 583.340(c). (*Gaines*, *supra*, 62 Cal.4th at p. 1105.)

Because we affirm the trial court's ruling under the mandatory dismissal provisions (§§ 583.310, 583.360), we do not address whether the orders could be upheld based on the discretionary dismissal provisions (§§ 583.410, 583.420) or remand for the trial court to consider discretionary dismissal.

13

## DISPOSITION

The following dismissal orders are affirmed: March 18, 2022 (in favor of Stewart-McAlvain Construction Corporation dba Landmark Builders, erroneously sued as Landmark Builders, Inc.); March 18, 2022 (in favor of Pacific Plastering, Inc.), March 30, 2022 (in favor of Serrano Stone & Plaster, Inc.); April 15, 2022 (in favor of AAA Energy Systems, Inc.); June 28, 2022 (in favor of Sweet Water Plumbing); June 28, 2022 (in favor of Window Express, Inc.); two orders dated July 18, 2022 (in favor of C&M Management, Inc. dba Bluestone Pool & Landscape); and July 28, 2022 (in favor of North Coast Waterproofing, Inc.). Defendants and respondents are awarded their costs on appeal.

14

_____

Petrou, J.

WE CONCUR:

_____

Tucher, P.J.

_____

Rodríguez, J.

A165272/A165921

| | |
|---|---|
| Trial Court: | Sonoma County Superior Court |
| Trial Judge: | Hon. Jennifer Dollard |
| Counsel: | Complex Appellate Litigation Group, Kelly Woodruff and Greg Wolff; Zacks, Freedman & Patterson, Scott Freedman and Emily Brough, for Plaintiffs and Appellants. |

Borbely & Associates, Jeffrey Chadic, Thomas Borberly, and Ronald Berestka, for Defendants and Respondents Landmark Builders Inc.

Bremer Whyte Brown & O'Meara, Jason Digioia and Raymond Meyer Jr., for Defendants and Respondents Bluestone Pool & Landscape.

Wilson, Elser, Moskowitz, Edelman & Dicker, Linda Oliver and John Podesta, for Defendants and Respondents Sweet Water Plumbing.

Sims, Lawrence & Arruti, Bobby Sims Jr. and Deborah Bartlett, for Defendants and Respondents Serrano Stone & Plaster, Inc.

Wolfe & Wyman, Brian Gunn, Ember Oparowski, and Samantha Weinstein, for Defendants and Respondents Pacific Plastering Inc.

Gordon Rees Scully Mansukhani, Don Willenburg for Defendants and Respondents C&M Management Inc.

Vogl, Meredith & Burke, Kurt Bridgman, Guy Stilson, and Umid Babojanov, for Defendants and Respondents AAA Energy Systems, Inc.